[Cite as *Zaffer v. Zaffer*, 2011-Ohio-3625.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

CHRISTINA ZAFFER

    Appellee

    v.

JOHN G. ZAFFER

    Appellant

C.A. No.     10CA009884

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    2006 PC 00022

DECISION AND JOURNAL ENTRY

Dated: July 25, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1}    John Zaffer allegedly took more than $200,000 from his niece Christina Zaffer's trust for his own use while he was serving as trustee of the trust. Ms. Zaffer sued Mr. Zaffer and The Cincinnati Insurance Company, which had bonded Mr. Zaffer. Cincinnati filed a cross-claim against Mr. Zaffer for indemnification and a complaint against his construction company, alleging that it had converted trust assets. Ms. Zaffer and Cincinnati moved to surcharge Mr. Zaffer and for a release of the fiduciary bond. After an evidentiary hearing, the trial court determined that Mr. Zaffer had engaged in self-dealing, held him and Cincinnati liable for the amount improperly taken from the trust, and granted Cincinnati's claim for indemnification. It also ordered Mr. Zaffer and Cincinnati to pay interest and Ms. Zaffer's attorney fees. Mr. Zaffer has appealed, assigning four errors. We dismiss the appeal because the trial court did not resolve

Cincinnati's claim against Mr. Zaffer's construction company or determine that "there is no just reason for delay" under Rule 54(B) of the Ohio Rules of Civil Procedure.

JURISDICTION

**{¶2}** Under the Ohio Constitution, Ohio's courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district . . . ." Ohio Const. Art. IV § 3(B)(2). The Ohio Supreme Court has held that that language empowers the General Assembly to define the jurisdiction of Ohio's courts of appeals. *State v. Collins*, 24 Ohio St. 2d 107, 108 (1970). The General Assembly, in Section 2501.02 of the Ohio Revised Code, has provided that the courts of appeals "shall have jurisdiction . . . to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district . . . ." See also R.C. 2505.03(A) (providing that "[e]very final order, judgment, or decree of a [lower] court . . . may be reviewed on appeal"); *Humphrys v. Putnam*, 172 Ohio St. 456, 457 (1961).

**{¶3}** Even if a trial court's journal entry is a judgment or final order, it is not appealable if it does not comply with the rules prescribed by the Ohio Supreme Court regarding the timing of appeals. Under Article IV Section 5(B) of the Ohio Constitution, the Ohio Supreme Court has authority to "prescribe rules governing practice and procedure in all courts of the state . . . ." Exercising that authority, the Supreme Court has adopted the Ohio Rules of Civil and Appellate Procedure, which contain requirements regarding the timing of appeals. See *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St. 2d 158, 159-60 (1977) ("Questions involving the joinder and separation of claims and the timing of appeals are matters of practice and procedure within the rule-making authority of this court . . . ."). For instance, under Rule 54(B)

of the Ohio Rules of Civil Procedure, "[if] more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." The term "judgment," for purposes of Civil Rule 54(B), includes final orders under Section 2505.02. Civ. R. 54(A).

{¶4} Acknowledging the dual requirements of finality and appealability, the Ohio Supreme Court has explained that "[a]n order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." *Noble v. Colwell*, 44 Ohio St. 3d 92, syllabus (1989). Accordingly, to determine whether a trial court's journal entry is appealable in a case involving multiple claims or parties, we engage in a two-step analysis examining (1) whether it is a judgment or final order under Sections 2501.02 and 2505.03 of the Ohio Revised Code and (2) whether it complies with Rule 54(B) of the Ohio Rules of Civil Procedure. See *Sullivan v. Anderson Twp.*, 122 Ohio St. 3d 83, 2009-Ohio-1971, at ¶10 ("The general rules regarding final appealable orders in multiparty and/or multiclaim cases involve the tandem of R.C. 2505.02(B) for substance and Civ.R. 54(B) for procedure."); *Noble*, 44 Ohio St. 3d at 96. But see *State ex rel. Butler County Children Servs. Bd. v. Sage*, 95 Ohio St. 3d 23, 25 (2002) (explaining that Civil Rule 54(B) does not apply to provisional remedies under Section 2505.02(B)(4) because they do not present a "claim for relief.").

{¶5} Mr. Zaffer has argued that the trial court's August 2, 2010, journal entry is appealable because a motion to surcharge a bond is an independent and separate action under Section 2109.61 of the Ohio Revised Code. His argument appears to be that an action under Section 2109.61 is a special proceeding under Section 2505.02. Under Section 2505.02(B)(2),

the definition of a final order includes "[a]n order that affects a substantial right made in a special proceeding . . . ." "'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

{¶6} Under Section 2109.61, "[a]n action may be prosecuted on the bond of a fiduciary against any one or more of the obligors thereof by any person who has been injured by reason of the breach of any condition of the bond." That language was originally adopted by the General Assembly in 1941 and codified at Section 10506-91 of the Ohio General Code. 1941 Ohio Laws 422. At common law, however, wards were allowed to file actions at law or bills in equity against their guardians and the guardians' sureties if they suspected that their guardian had mismanaged their assets. See *Oldham v. Trimble*, 15 Mo. 225, 1851 WL 4221 at *2 (Mo. 1851); *Pierce v. Irish*, 31 Me. 254, 260 (Me. 1850); *Kittredge v. Betton*, 14 N.H. 401, 1843 WL 4163 at *4 (N.H. 1843); *Bryan v. Blakeney*, 23 S.C.L. (Dud.) 27, 1837 WL 1501 at *1 (S.C. App. 1837); see also *Ludlow's Heirs v. Johnston*, 3 Ohio 553, 563 (1828) (noting 1803 act allowing common pleas courts "to appoint guardians for minors . . . and to call such guardians to an account."). Accordingly, it is doubtful that an action under Section 2109.61, which addresses similar issues, qualifies as a special proceeding.

{¶7} Because this case involves multiple claims and multiple parties, even if the trial court's journal entry is a final order, it must still satisfy Rule 54(B) of the Ohio Rules of Civil Procedure to be appealable. Under Civil Rule 54(B), a journal entry that "enters final judgment as to one or more but fewer than all of the claims [for relief]" can only be appealed "upon an express determination that there is no just reason for delay."

{¶8}    The trial court's journal entry resolved Ms. Zaffer's claims against Mr. Zaffer and Cincinnati and Cincinnati's cross-claim against Mr. Zaffer. It did not, however, resolve Cincinnati's claim against Mr. Zaffer's construction company. The trial court also did not make an express determination that there is no just reason for delay. The entry, therefore, is not appealable under Civil Rule 54(B). The appeal is dismissed.

## CONCLUSION

{¶9}    The trial court has not resolved all of the parties' claims or determined that there is no just reason for delay. Accordingly, we do not have jurisdiction to consider this appeal. Mr. Zaffer's appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, J.
BELFANCE, P. J.
CONCUR

APPEARANCES:

TERRY S. SHILLING, Attorney at Law, for Appellant.

BARRY ECKSTEIN, Attorney at Law, for Appellee.

PATRICK S. CORRIGAN, Attorney at Law, for Appellee.