[Cite as *Scott v. McCluskey*, 2012-Ohio-2484.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JACQUELYN L. SCOTT, Executrix of the
Estate of Roger W. Scott, deceased, et al.

      Appellant

      v.

DENNIS C. MCCLUSKEY, M.E. &
ASSOCIATES, INC., et al.

      Appellees

C.A. No.     25838

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009 07 4941

DECISION AND JOURNAL ENTRY

Dated: June 6, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}  When Roger Scott sought help for chest pain and swelling in his extremities, a nurse practitioner working for Dennis C. McCluskey M.D. & Associates Inc. examined him and sent him home, where he died two days later of a heart attack.  During discovery, the estate learned that a doctor had signed off on the nurse practitioner's plan to refer Mr. Scott to a cardiologist.  In this refiled lawsuit, Mr. Scott's wife, Jacquelyn Scott, individually and as the administratrix of his estate, sued the medical practice and Dr. Brenda Spinks Hensley for medical malpractice and wrongful death.  The trial court granted summary judgment to Dr. Hensley on both claims based on the statutes of limitations, but denied the medical practice's motion for summary judgment.  It later decided that the estate would not be permitted to pursue a theory of vicarious liability against the practice based on the conduct of Dr. Hensley.  Following a jury

verdict for the practice, the estate appealed. Because there is no evidence that the clerk of courts ever served the judgment entry granting summary judgment to Dr. Hensley, the practice's motion for partial dismissal of the appeal is denied. The judgment is affirmed in part because the trial court did not abuse its discretion under Rule 6(B)(2) of the Ohio Rules of Civil Procedure by extending the defendants' time to answer the complaint and denying the estate's motion for default judgment. The judgment is reversed in part because the estate timely filed its wrongful death claim against Dr. Hensley, the trial court incorrectly prevented the estate from pursuing a theory of vicarious liability against the medical practice for wrongful death allegedly caused by the medical negligence of its physician employee, and that error was not harmless.

BACKGROUND

{¶2} There is no dispute that in the original complaint the estate sued Dennis C. McCluskey M.D. & Associates Inc., asserting vicarious liability claims for the negligence of its employees and/or agents, including nurses and John/Jane Doe doctors. On the two-year anniversary of Mr. Scott's death, the estate moved for leave to amend the complaint instanter and attached an amended complaint naming Dr. Hensley as Jane Doe #4, asserting medical malpractice and wrongful death claims against her. The trial court ruled that the amended complaint was not timely filed and granted summary judgment to Dr. Hensley on both claims. After that, the estate voluntarily dismissed its claims.

{¶3} When it refiled this action under the savings clause, the estate named as defendants the McCluskey practice and Dr. Hensley. It asserted wrongful death and medical malpractice claims against both defendants, alleging that "[s]aid [d]efendants, including their employees and/or agents, were negligent in providing medical care and treatment to decedent, Roger Scott[.]" When neither defendant timely answered the complaint, the estate moved for

default judgment. Both defendants opposed the motion and moved for leave to file an answer instanter. The trial court denied the plaintiff's motion for default judgment and granted the defendants' motion for leave to file the answer.

{¶4} Both defendants moved for summary judgment on both claims. On August 13, 2010, the trial court granted summary judgment to Dr. Hensley on both claims because it determined that the estate had failed to commence its action against her within either the one-year medical malpractice statute of limitations or the two-year wrongful death statute of limitations. The estate did not immediately appeal that judgment. In the August 13 entry, the trial court also denied the McCluskey practice's motion for summary judgment based on the Supreme Court's decision in *National Union Fire Insurance Company of Pittsburgh, PA v. Wuerth*, 122 Ohio St. 3d 594, 2009-Ohio-3601.

{¶5} The practice later moved for reconsideration of the trial court's decision to deny it summary judgment. The trial court denied the motion to reconsider, writing that it would not "eviscerate in one stroke the concept of vicarious liability that has been [in] existence for hundreds of years." The trial court also wrote, however, that the estate was permitted to proceed against the practice based only on the conduct of the nurse, rather than that of the doctor. Following trial on that limited basis, the jury rendered a verdict for the practice, and the estate appealed. On appeal, the estate has abandoned its arguments in regard to the medical malpractice claims against Dr. Hensley and the practice, focusing its arguments on the wrongful death claims against both defendants. The estate has argued that the trial court incorrectly (1) denied its motion for default judgment, (2) determined that the wrongful death statute of limitations against Dr. Hensley had expired before the estate sued her, (3) determined that the wrongful death respondeat superior claim against the practice for Dr. Hensley's conduct was

barred by the statute of limitations, and (4) determined that the practice could not be held vicariously liable for wrongful death proximately caused by Dr. Hensley's negligence without Dr. Hensley being timely named as a party defendant.

## DEFAULT JUDGMENT

**{¶6}** The estate's fourth assignment of error is that the trial court incorrectly denied its motion for default judgment. After the estate refiled its complaint, the clerk of courts served both defendants via certified mail in mid-July 2009. On September 3, the estate moved for default judgment against both defendants on the issue of liability and requested a damages hearing. It served the motion on both defendants, neither of whom had appeared in the matter. On September 21, 2009, the defendants jointly opposed the motion for default judgment and moved for leave to file an answer instanter. They attached to their motion a joint answer to the complaint and the affidavit of Sherri Campailla. The defendants argued that their failure to timely answer the complaint was excusable neglect because their office manager followed their procedure, but faxed the complaint to the wrong insurance company. By affidavit, the office manager, Ms. Campailla, testified that she faxed the refiled complaint to the insurance carrier for Dr. McCluskey rather than to the carrier that insures Dr. Hensley and the medical practice. The trial court granted the motion and deemed the answer timely filed.

**{¶7}** Under Rule 6(B) of the Ohio Rules of Civil Procedure, a trial court has discretion "for cause shown" to extend the period of time within which an act must or may be completed. If the time period permitted by the Civil Rules has expired, "upon motion made," the trial court "may at any time in its discretion" "permit the act to be done where the failure to act was the result of excusable neglect." Civ. R. 6(B)(2). Although there are exceptions to this rule, none are applicable in this case.

**{¶8}** "Neglect under [Civil Rule] 6(B)(2) has been described as conduct that falls substantially below what is reasonable under the circumstances." *Ihenacho v. Ohio Inst. of Photography & Technology*, 2d Dist. No. 24191, 2011-Ohio-3730, ¶ 19 (quoting *Davis v. Immediate Med. Servs. Inc.*, 80 Ohio St. 3d 10, 14 (1997)). "The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." *Id.* (quoting *State ex rel. Lindenschmidt v. Butler County Bd. of Comm'rs*, 72 Ohio St. 3d 464, 466 (1995)). "Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under [Civil Rule] 6(B)(2) is less stringent than that applied under [Civil Rule] 60(B)." *Id.* (quoting *Lindenschmidt*, 72 Ohio St. 3d at 466).

**{¶9}** In this case, the defendants supported their opposition to the motion for default judgment with an affidavit attesting to the truth of their argument that their failure to respond was due to an honest mistake by an employee trying to follow the established office policy for dealing with complaints. The office manager explained in her affidavit that she made the mistake because it was a refiled complaint that did not include Dr. McCluskey as a defendant, although the estate had named him as a defendant in the original complaint. The trial court exercised proper discretion under Civil Rule 6(B)(2) by extending the defendants' time to answer the complaint and denying the estate's motion for default judgment. The estate's fourth assignment of error is overruled.

## MOTION FOR PARTIAL DISMISSAL OF APPEAL

**{¶10}** Before briefing began in this matter, the defendants moved this Court to partially dismiss the appeal as untimely. They argued that any assignments of error related to the trial

court's August 13, 2010, summary judgment entry must be dismissed from the appeal because that order was final and appealable when entered, and the estate improperly waited until after trial to appeal it.

{¶11} Section 3(B)(2) of Article IV of the Ohio Constitution provides that courts of appeals "shall have such jurisdiction as may be provided by law to review . . . judgments or final orders . . . ." The General Assembly has determined that appellate courts "shall have jurisdiction . . . to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district . . . ." R.C. 2501.02; *see also* R.C. 2505.03(A) (providing that "[e]very final order, judgment, or decree of a [lower] court . . . may be reviewed on appeal"); *Humphrys v. Putnam*, 172 Ohio St. 456, 457 (1961).

{¶12} "Even if a trial court's journal entry is a judgment or final order, it is not appealable if it does not comply with the rules prescribed by the Ohio Supreme Court regarding the timing of appeals." *Zaffer v. Zaffer*, 9th Dist. No. 10CA009884, 2011-Ohio-3625, ¶ 3. Under Civil Rule 54(B), "[if] more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." "In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties . . . ." *Id.* The word "judgment," as used in Civil Rule 54(B), includes final orders as defined by Section 2505.02(B) of the Ohio Revised Code. Civ. R. 54(A).

{¶13} "Acknowledging the dual requirements of finality and appealability, the Ohio Supreme Court has explained that '[a]n order which adjudicates one or more but fewer than all

the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable.'" *Zaffer v. Zaffer*, 9th Dist. No. 10CA009884, 2011-Ohio-3625, ¶ 4 (quoting *Noble v. Colwell*, 44 Ohio St. 3d 92, syllabus (1989)); *see also Sullivan v. Anderson Twp.*, 122 Ohio St. 3d 83, 2009–Ohio–1971, ¶ 10 ("The general rules regarding final appealable orders in multiparty and/or multiclaim cases involve the tandem of R.C. 2505.02(B) for substance and Civ.R. 54(B) for procedure."). Civil Rule 54(B) does not become relevant unless the order appealed has first satisfied the requirements of Section 2505.02. *Gen. Acc. Ins. Co. v. Ins. Co. of North Am.*, 44 Ohio St. 3d 17, 21 (1989) (explaining that only "[i]f the court finds that the order complies with R.C. 2505.02" must the court "take a second step to decide if Civ.R. 54(B) language is required").

**{¶14}** "An order that affects a substantial right in an action that in effect determines the action and prevents a judgment" is a "final order" for purposes of appeal. R.C. 2505.02(B)(1). A "substantial right" is one that "the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

**{¶15}** Via the August 13, 2010, entry, the trial court granted summary judgment to Dr. Hensley on each of the estate's claims against her and denied summary judgment to the medical practice. The August 13 order disposed of the estate's claims against Dr. Hensley, so it affected a substantial right and prevented the estate from obtaining a judgment against Dr. Hensley. Therefore, it met the definition of a "final order" under Section 2505.02(B)(1) of the Ohio Revised Code.

**{¶16}** Because the order adjudicated Dr. Hensley's liability without adjudicating the liability of her co-defendant, the next question is whether the order met the requirements of Civil

Rule 54(B). The trial court divided the August 13 order into three parts, separately addressing the medical malpractice claim against Dr. Hensley, the wrongful death claim against her, and the claims against the medical practice. At the end of each section addressing the claims against Dr. Hensley, after granting summary judgment to the doctor, the trial court wrote, "[t]his is a final and appealable order. There is no just cause for delay." Thus, the August 13 entry, as it related to Dr. Hensley, also met the requirements of Civil Rule 54(B), making it appealable when entered.

{¶17} The estate has argued that the August 13 order was not appealable because the claims against Dr. Hensley were inextricably intertwined with the claims against the medical practice. In this case, Ms. Scott, individually and as executrix of the estate of her husband, sued two parties. The trial court granted summary judgment on all claims against one party, and the case proceeded to trial against the other. As this is a multiple parties case, the "inextricably intertwined" claims analysis does not apply. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St. 3d 86, 90 n.5 (1989) (explaining that the "inextricably intertwined" claims analysis to determine whether Rule 54(B) must be followed, only applies "in a case [that] does not involve multiple parties but which does involve a number of claims or counts pled by the parties . . . ."). Because the August 13, 2010, trial court entry, as it relates to Dr. Hensley, satisfies the requirements of Section 2505.02 and Civil Rule 54(B), it was a final, appealable order when it was entered.

{¶18} Ordinarily, if a judgment disposes of all claims against one of several defendants, and the entry includes a Civil Rule 54(B) certification, a notice of appeal must be filed within 30 days. *See* App. R. 4(A); *Davenport v. Big Brothers & Big Sisters of Greater Miami Valley Inc.*, 2d Dist. No. 23659, 2010-Ohio-2503, ¶ 7 n.1. Dr. Hensley has argued that, because the estate did not appeal until many months later, the part of the appeal addressing the August 13 entry

must be dismissed as untimely. We note a defect on the face of the record that prevents this from being an untimely appeal.

{¶19} Under Rule 4(A) of the Ohio Rules of Appellate Procedure, "[a] party shall file the notice of appeal required by [Appellate Rule] 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." "[Appellate Rule] 4(A) thus contains a tolling provision that applies in civil matters when a judgment has not been properly served on a party according to [Civil Rule] 58(B)." *In re Anderson*, 92 Ohio St. 3d 63, 67 (2001). "[Civil Rule] 58(B) requires the court to endorse on its judgment 'a direction to the clerk to serve upon all parties . . . notice of the judgment and its date of entry upon the journal.'" *Id.* (quoting Civ. R. 58(B)). "The clerk must then serve the parties within three days of entering judgment upon the journal." *Id.* "The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B)." *Id.* (quoting *Whitehall ex rel. Fennessy v. Bambi Motel Inc.*, 131 Ohio App. 3d 734, 741 (10th Dist. 1998)).

{¶20} In this case, the trial court seems to have attempted to direct the clerk of courts to serve the judgment on all parties by writing "cc: Jack Morrison/Vicki DeSantis, Christopher Humphrey" below the signature line on the last page. *See In re Anderson*, 92 Ohio St. 3d 63, 67 (2001). The clerk of courts, however, did not make any notation on the docket regarding service of the judgment on any party. In the absence of a notation in the docket, service is not complete. *Davenport v. Big Brothers & Big Sisters of Greater Miami Valley Inc.*, 2d Dist. No. 23659,

2010-Ohio-2503, ¶ 7 n.1 (citing Civ. R. 58(B)). "Under such circumstances, the time for filing an appeal is tolled. This is true even when a party has actual notice of the judgment at issue." *Id.* (citing *JP Morgan Chase Bank N.A. v. Brown*, 2d Dist. Nos. 21853, 22359, 2008-Ohio-200, ¶ 84) ("It is the service of notice, and adequate proof thereof, and not actual notice that is required by Civ.R. 58(B)."). As in *Anderson*, the time for the estate to file a notice of appeal in regard to the claims against Dr. Hensley never began to run because the requirements of Civil Rule 58(B) were not satisfied. *See In re Anderson*, 92 Ohio St. 3d at 67. Because the appeal was timely filed under Rule 4(A) of the Ohio Rules of Appellate Procedure, the defendants' motion for partial dismissal of the appeal is denied.

## WRONGFUL DEATH STATUTE OF LIMITATIONS

{¶21} The estate's first assignment of error is that the trial court incorrectly granted summary judgment to Dr. Hensley on the wrongful death claim based on the statute of limitations. This assignment of error presents a purely legal question. There is no dispute regarding any of the facts necessary to the resolution of this assignment of error. The statute of limitations for wrongful death is two years. R.C. 2125.02(D)(1). Mr. Scott died on January 30, 2004. Therefore, the statute of limitations for wrongful death extended through January 30, 2006. The estate originally sued the McCluskey practice on July 18, 2005. Although it commenced a wrongful death claim against the practice within the two-year window, it did not name Dr. Hensley in the original complaint. It did name a Jane Doe doctor in its July 2005 complaint, which it later attempted to rename as Dr. Hensley.

{¶22} On January 30, 2006, the two-year anniversary of Mr. Scott's death, the estate moved for leave to amend its complaint and attached to the motion an amended complaint naming Dr. Hensely as a party defendant in place of Jane Doe #4. The trial court granted leave

to amend the complaint on February 9, 2006. According to the docket, the clerk of courts later issued a summons and copy of the amended complaint to Dr. Hensley, and she was personally served in March 2006. The timeliness of the wrongful death claim against Dr. Hensley depends on when the amended complaint was deemed filed.

{¶23} Based on decisions of the Sixth and Eighth District Courts of Appeals, the estate has argued that the amended complaint naming Dr. Hensley should have been deemed filed as of the date it moved for leave to amend. The estate has cited an Eighth District case for the proposition that "an amended complaint attached to a motion for leave to amend the complaint is filed on the date the motion for leave is filed." *Guerrero v. C.H.P. Inc*., 8th Dist. No. 78484, 2001 WL 931640, *3 (Aug. 16, 2001) (citing *Mayes v. AT & T Info. Sys*., 867 F.2d 1172 (8th Cir. 1989); *Chaddock v. Johns-Manville Sales Corp*., 577 F. Supp. 937 (S.D. Ohio 1984); *Cannon v. Metcalf*, 458 F. Supp. 843 (E.D. Tenn. 1977); *Trosin v. Int'l Harvester Co*., 6th Dist. No. WD-86-37, 1986 WL 11945 (Oct. 24, 1986)). In *Guerrero*, the trial court granted the plaintiff leave to amend the complaint to add parties before the statute of limitations expired, but the plaintiff did not separately file the amended complaint until after the deadline. *Guerrero*, 2001 WL 931640 at *2. The Eighth District analyzed precedent and concluded that "[f]ederal courts have held that a motion for leave to file an amended complaint, with an attached amended complaint, constitutes filing the amended complaint." *Id.* (citing *Mayes*, 867 F.2d 1172); *Chaddock*, 577 F. Supp. 937; *Cannon*, 458 F. Supp. 843). "The rationale is that the plaintiff has no control over when the court might decide the motion for leave." *Id.* The Court in *Guerrero* did not rely on the fact that the trial court had granted leave to amend before the expiration of the statute of limitations.

**{¶24}** The estate has also cited a Sixth District Court of Appeals decision in support of its position. In that case, the Sixth District held that an amended complaint adding new parties relates back to the date the plaintiff moved for leave to amend the complaint, provided the amended complaint was attached to the motion for leave. *Trosin v. Int'l Harvester Co.*, 6th Dist. No. WD-86-37, 1986 WL 11945, *2 (Oct. 24, 1986). The Court in *Trosin* adopted the reasoning of the United States District Court for the Southern District of Ohio in *Chaddock v. Johns-Manville Sales Corporation*, 577 F. Supp. 937 (S.D. Ohio 1984). In both *Trosin* and *Chaddock*, the plaintiff timely moved for leave to amend the complaint to add a party and attached the amended complaint to the motion, but the trial court did not grant leave to amend until after the expiration of the statute of limitations. The federal district court held the amended complaint was timely filed because "[t]o dismiss a claim under [such] circumstances would not be in the interest of justice." *Chaddock v. Johns-Manville Sales Corp.*, 577 F. Supp. 937, 939 (S.D. Ohio 1984). The Court in *Chaddock* reasoned that "[the plaintiff] was required to seek leave of Court to file the amended complaint[,] . . . [yet] [she] had no control over when the Court might decide her motion." *Id.* The Court in *Chaddock* noted the importance of two facts: (1) the plaintiff had moved for leave to amend before the expiration of the statute of limitations, and (2) had attached the amended complaint to the motion. *Id.* The federal court held that, under those circumstances, "an amended complaint adding new parties defendant relates back to the date on which the motion for leave to file the amended complaint was filed." *Id.*

**{¶25}** Dr. Hensley has argued that the cases cited by the estate conflict with the plain language of Section 2125.02 of the Ohio Revised Code, Rule 3(A) of the Ohio Rules of Civil Procedure, and prior decisions of this Court. Under Section 2125.02(D)(1) of the Ohio Revised Code, "[a] civil action for wrongful death shall be commenced within two years after the

decedent's death." Rule 3(A) of the Ohio Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court" and obtaining service within one year. Dr. Hensley has argued that, because neither of these provisions mentions moving for leave to amend a complaint, the date of such a motion cannot be "the operative date" for determining whether an action has been commenced within the statute of limitations.

{¶26} In the cases cited by the estate, federal and state courts have based their reasoning in part on the same filing requirements mentioned by Dr. Hensley. Under both the Federal and Ohio Rules of Civil Procedure, "a civil action is commenced by filing a complaint with the court[,]" although the Ohio Rule also requires obtaining service within one year. Fed. R. Civ. P. 3, Ohio Civ. R. 3(A). Under Rule 5(d)(2) of the Federal Rules of Civil Procedure, "[a] paper is filed by delivering it . . to the clerk; or . . . to a judge who agrees to accept it for filing[.]" Under Ohio's rule, "[t]he filing of documents with the court, as required by these rules, shall be made by filing them with the clerk of court, except that a judge may permit the documents to be filed with the judge[.]" Ohio Civ. R. 5(E). "Filing a complaint requires nothing more than delivery to a court officer authorized to receive it. . . . Papers and pleadings . . . are considered filed when they are placed in the possession of the clerk of court." *Guerrero v. C.H.P. Inc*., 8th Dist. No. 78484, 2001 WL 931640, *2 (Aug. 16, 2001) (quoting *Cannon v. Metcalf*, 458 F. Supp. 843, 847 (E.D. Tenn. 1977)). In this case, the estate first placed the amended complaint into the possession of the clerk of courts when it filed its motion for leave to amend with the amended complaint attached.

{¶27} Dr. Hensley has also argued that this Court's precedent directly contradicts the position of the Eighth and Sixth District Courts of Appeals on this issue. The defendants have cited *Eady v. East Ohio Gas*, 9th Dist. No. 19598, 2000 WL 563323 (May 10, 2000), for the

proposition that the estate's amended complaint did not become operative as a pleading until February 9, when the trial court granted leave to amend. In *Eady*, this Court held that "an answer attached as an exhibit to a motion for leave to file *instanter* does not become operative as a pleading, absent an express statement by the trial court." *Eady*, 2000 WL 563323 at *1 (citing *Pollack v. Watts*, 5th Dist. No. 97CA0084, 1998 WL 517702 (Aug. 10, 1998)). In that case, the question was whether the trial court's grant of default judgment and subsequent vacation of that judgment operated as an automatic grant of the defendant's motion for leave to file an answer after the deadline had passed. *Id. Eady* is not factually similar to this case. In *Eady*, this Court considered under what circumstances a motion could be deemed granted, not under what circumstances an amended complaint could be deemed filed.

{¶28} The defendants have also cited *Meeker v. American Torque Rod of Ohio Inc.*, 79 Ohio App. 3d 514 (10th Dist. 1992), in support of their position. In that case, a former employee amended his complaint against his former employers regarding work-related chemical exposure to add product liability claims against the manufacturers of the chemicals. The court analyzed the application of the discovery rule for purposes of determining the date the statute of limitations began to run. Via footnote, the Tenth District mentioned that, although the plaintiff had "filed his motion for leave to amend on August 4," he "did not file his amended complaint until August 8," that is, the day the trial court granted leave to amend the complaint. *Id.* at 520 n.2. It is not clear from the court's decision, however, whether the plaintiff had attached his amended complaint to his motion for leave, and the court did not analyze the question. *Id*. at 515-16. Without that information, it is unclear whether the Tenth District disagreed with the Sixth and Eighth Districts on this issue.

{¶29} We are persuaded by the authorities holding that, for statute of limitations purposes, an amended complaint that is filed with the clerk of courts as an attachment to a motion for leave to amend is deemed filed as of the date the motion was filed, provided the trial court grants the motion. In this case, the parties agree that, before the expiration of the wrongful death statute of limitations, the plaintiff filed with the clerk of courts a motion for leave to amend the complaint and attached the amended complaint to the motion. They also agree that the trial court granted leave to amend several days after the statute of limitations had expired. Under these circumstances, the estate's amended complaint asserting a wrongful death claim against Dr. Hensley was timely filed. Therefore, the trial court incorrectly granted summary judgment to Dr. Hensley on the wrongful death claim against her. The estate's first assignment of error is sustained.

## MEDICAL PRACTICE'S LIABILITY FOR DOCTOR'S CONDUCT

{¶30} The estate's second and third assignments of error are that, regardless of whether the wrongful death statute of limitations applicable to Dr. Hensley had expired, the trial court incorrectly insulated the McCluskey practice at trial from the vicarious liability wrongful death claim based on the doctor's conduct. Although the trial court denied the practice's motion for summary judgment, it ruled prior to trial that the estate would be precluded from pursuing any theory of vicarious liability against the practice based on Dr. Hensley's conduct. Thus, at trial against the McCluskey practice, the estate's claims were limited to holding the practice liable for the conduct of its employee nurse.

{¶31} The second and third assignments of error involve arguments about two issues: (1) whether the trial court incorrectly refused to allow the estate to pursue vicarious liability claims against the practice, as an employer, regardless of whether the doctor-employee was

named as a party defendant before the statute of limitations expired, and (2) whether the court's refusal to allow any theory of vicarious liability against the practice based on Dr. Hensley's conduct was harmless error. The estate's arguments in regard to the first issue focus on whether the trial court correctly applied the legal malpractice holding in *National Union Fire Insurance Company of Pittsburgh, PA v. Wuerth*, 122 Ohio St. 3d 594, 2009-Ohio-3601, to medical malpractice facts. Because we have held that the trial court incorrectly granted Dr. Hensley summary judgment, we need not now consider whether the Ohio Supreme Court's decision in *Wuerth* should be applied outside of the context of legal malpractice. Regardless of whether the vicarious liability wrongful death claim was contingent upon a similar claim being timely filed against Dr. Hensley, the trial court incorrectly limited the estate's theories of liability against the McCluskey practice at trial because it incorrectly granted Dr. Hensley summary judgment on the wrongful death claim. Therefore, to the extent these two assignments of error address the first issue outlined above, they are sustained in light of our disposition of the first assignment of error.

{¶32} The McCluskey practice has argued that the trial court's refusal to permit the estate to pursue a theory of respondeat superior liability based on the conduct of Dr. Hensley was harmless error. It has argued that, since the estate presumably has presented all of its evidence and the first jury found that the practice was not liable, the error is harmless and no retrial against it is necessary. On the other hand, the estate has argued that, at trial, Dr. Hensley fell on the sword, adopting the nurse's treatment plan in order to insulate the practice from liability since the jury was not permitted to assign any negligence to her.

{¶33} The trial court's error in so limiting the trial was not harmless to the estate because the jury forms did not allow the jury to assign any liability to Dr. Hensley. The first interrogatory indicated that if the jury found that the nurse had not failed to comply with the

standard of care in her treatment of Mr. Scott, then it "must enter a General Verdict for Defendant[.]" The trial court incorrectly refused to allow the jury to consider whether Dr. Hensley complied with the applicable standard of care. Further, on retrial absent such a restriction, the estate may choose to present additional evidence against Dr. Hensley in an attempt to prove her negligence as an element of its wrongful death claims against both defendants. The trial court's error in limiting the theories of liability against the practice at trial was not harmless. The estate's second and third assignments of error are sustained.

## CONCLUSION

**{¶34}** The defendants' motion for partial dismissal of the appeal is denied. The estate's appeal is timely because the record contains no evidence that the estate was ever served with notice of the trial court's August 13, 2010, judgment entry granting summary judgment to Dr. Hensley. The estate's fourth assignment of error is overruled because the trial court exercised proper discretion under Civil Rule 6(B)(2) by extending the defendants' time to answer the complaint and denying the estate's motion for default judgment. The first assignment of error is sustained because the trial court incorrectly granted summary judgment to Dr. Hensley based on the statute of limitations. The estate's second and third assignments of error are sustained in light of this Court's disposition of the first assignment of error. The judgment of the Summit County Common Pleas Court is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

THOMAS R. HOULIHAN, Attorney at Law, for Appellant.

CHRISTOPHER S. HUMPHREY, Attorney at Law, for Appellees.