[Cite as *Stevens v. Stevens*, 2019-Ohio-264.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

SANDRA S. STEVENS

    Appellee

    v.

MARK L. STEVENS

    Appellant

C.A. No.    17CA0084-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    17DR0260

DECISION AND JOURNAL ENTRY

Dated: January 28, 2019

CARR, Judge.

{¶1} Appellant Mark Stevens ("Husband") appeals, pro se, from judgments of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} In 1996, Husband married Appellee Sandra Stevens (Wife). No children were born of the marriage. In May 2015, the marital home burned to the ground and Husband was ultimately convicted of aggravated arson. In June 2017, Wife filed a complaint for divorce.

{¶3} On June 9, 2017, a notice of "Uncontested or Case Management Hearing" for August 9, 2017 was filed. Thereafter, Husband, who was incarcerated, filed a motion to participate in the hearing by telephone. Husband also filed a motion for leave instanter to timely file his answer. Wife, appearing pro se, responded to Husband's motion to participate by telephone by filing her own motion requesting that Husband's motion be denied.

**{¶4}** On August 9, 2017, a magistrate held a hearing addressing Husband's and Wife's motions and the divorce. On September 14, 2017, the magistrate issued a magistrate's decision. In the decision, the magistrate granted Wife's motion and denied Husband's motion to participate via telephone. The magistrate granted Husband's motion to file his answer instanter and concluded that it should be treated as though it had been filed July 13, 2017. Based upon the testimony presented at the hearing, which included that of Wife and "a corroborating witness[,]" the magistrate granted Wife a divorce based upon incompatibility. That same day, the trial court adopted the magistrate's decision and entered judgment accordingly.

**{¶5}** On September 27, 2017, Husband filed a motion for a forty-five day extension of time to file objections to the magistrate's decision. Husband asserted that the extension was required "to obtain documents from the Clerk assuring the Defendant was properly served by the Plaintiff since he did not receive service of her July 25, 2017 Request to Deny Defendant to Participate by Telephone that was granted after the hearing was held." Thereafter, without the trial court ruling on his motion, on October 23, 2017, Husband filed his objections to the magistrate's decision. A transcript of the proceedings was not filed in the trial court. On November 7, 2017, the trial court denied Husband's motion for an extension of time.

**{¶6}** Husband filed a notice of appeal on December 1, 2017, challenging the denial of his motion for an extension of time and the divorce decree.

II.

## **Jurisdiction**

**{¶7}** Before we address Husband's assignments of error, we pause to consider our jurisdiction. "This Court is obligated to raise sua sponte questions related to our jurisdiction." *Roman v. Kalk*, 9th Dist. Summit No. 28712, 2018-Ohio-2502, ¶ 10, citing *Whitaker-Merrell Co.*

*v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). "Even if a trial court's journal entry is a judgment or final order, it is not appealable if it does not comply with the rules prescribed by the Ohio Supreme Court regarding the timing of appeals." *Zaffer v. Zaffer*, 9th Dist. Lorain No. 10CA009884, 2011-Ohio-3625, ¶ 3.

{¶8} App.R. 4(A) provides the following:

(1) Appeal from order that is final upon its entry. Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry.

(2) Appeal from order that is not final upon its entry. Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is not final upon its entry but subsequently becomes final--such as an order that merges into a final order entered by the clerk or that becomes final upon dismissal of the action--shall file the notice of appeal required by App.R. 3 within 30 days of the date on which the order becomes final.

(3) Delay of clerk's service in civil case. In a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service.

{¶9} Civ.R. 58(B) states that, "when the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal." In addition, "[w]ithin three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete." Civ.R. 58(B).

{¶10} While Husband's appeal from the November 2017 entry would be timely, on its face, Husband's appeal from the divorce decree appears untimely. In this case, the trial court seems to have attempted to direct the clerk of courts to serve the divorce decree on the parties by writing "cc: Sandra S. Stevens nka Shaw[,] Mark L. Stevens[,]" below the signature line on the

last page. *See Scott v. McCluskey*, 9th Dist. Summit No. 25838, 2012-Ohio-2484, ¶ 20. "The clerk of courts, however, did not make any notation on the docket regarding service of the judgment on any party." *Id.* "In the absence of a notation in the docket, service is not complete." *Id.* "Under such circumstances, the time for filing an appeal is tolled. This is true even when a party has actual notice of the judgment at issue." (Internal quotations and citations omitted.) *Id.; see also In re S.M.*, 9th Dist. Wayne Nos. 16AP0045, 16AP0046, 16AP0047, 16AP0048, 16AP0049, 16AP0050, 2016-Ohio-7816, ¶ 14. Accordingly, Husband's appeal from the divorce decree is timely.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE HUSBAND'S MOTION FOR AN EXTENSION OF TIME TO FILE OBJECTIONS AGAINST THE MAGISTRATE'S DECISION SERVED[.] (SIC)

{¶11} Husband argues in his first assignment of error that the trial court erred in failing to grant his motion for an extension of time to file objections. Specifically, he argues that "good cause" for granting the motion existed because the clerk failed to serve him with the magistrate's decision. *See* Civ.R. 53(D)(5).

{¶12} Civ.R. 53(D)(5) states that, "[f]or good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision. 'Good cause' includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision."

{¶13} However, Husband did not argue in his motion for an extension of time that he was not served with the magistrate's decision. Instead, he asserted that a 45-day extension was warranted so that he could "obtain documents from the Clerk assuring the Defendant was properly served by the Plaintiff since he did not receive service of her July 25, 2017 Request to

Deny Defendant to Participate by Telephone that was granted after the hearing was held."

"Arguments that were not raised in the trial court cannot be raised for the first time on appeal." (Internal quotations and citation omitted.) *McFarland v. Niekamp, Weisensell, Mutersbaugh & Mastrantonio, LLP*, 9th Dist. Summit No. 28462, 2017-Ohio-8394, ¶ 30. Further, Husband has not explained how the trial court erred in denying his motion for an extension based upon the argument he made below. *See* App.R. 16(A)(7). Accordingly, Husband has not met his burden on appeal to demonstrate error. *See, e.g., Marquez v. Jackson*, 9th Dist. Lorain No. 16CA011049, 2018-Ohio-346, ¶ 21 ("With respect to * * * this issue, we conclude that Mr. Jackson has not met his burden of demonstrating error by the trial court.").

**{¶14}** Husband's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE MAGISTRATE ERRED WHEN IT CONSIDERED THE WIFE'S REQUEST TO DENY THE HUSBAND'S MOTION TO PARTICIPATE BY TELEPHONE WITHOUT A PROPER CERTIFICATE OF SERVICE[.]

### ASSIGNMENT OF ERROR III

THE MAGISTRATE ERRED WHEN HE PERMITTED EVIDENCE FROM THE HUSBAND'S CRIMINAL CONVICTION THAT RESULTED FROM A NO-CONTEST PLEA.

### ASSIGNMENT OF ERROR IV

THE HUSBAND WAS DENIED HIS DUE PROCESS RIGHTS EMBEDDED IN THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

**{¶15}** Husband argues in his second assignment of error that the magistrate erred in considering Wife's motion to deny Husband's participation at the hearing by telephone when Wife's motion did not contain a proper certificate of service. Husband argues in his third assignment of error that the magistrate erred when the magistrate permitted evidence from

Husband's criminal conviction when Husband pleaded no contest. Husband argues in his fourth assignment of error that the magistrate denied Husband due process by holding the divorce proceeding instead of a case management conference, in contravention of the notice he had received.

{¶16} Husband could have objected to the magistrate's decision based upon each of these issues, and in fact attempted to do so. However, Husband did not timely file objections. Civ.R. 53(D)(3)(b)(i) states that, "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶17} Here, not only did Husband fail to timely object to the magistrate's decision, he also has failed to develop a plain error argument on appeal. This Court will not create a plain error argument for him. *See Horak v. Decker*, 9th Dist. Summit No. 28731, 2018-Ohio-3659, ¶ 41. In addition, Husband never filed a transcript of the hearing in the trial court or in this Court. Accordingly, we would be unable to fully review the merits of the issues even if Husband had argued plain error. Finally, Husband has framed his arguments in terms of errors by the magistrate, instead of errors by the trial court. *See Lathan v. Andrews*, 9th Dist. Summit No. 28382, 2017-Ohio-4419, ¶ 14 ("[T]his Court has held that claims of error on appeal must be based on the actions of the trial court.").

**{¶18}** Given the foregoing, Husband's second, third, and fourth assignments of error are overruled.

III.

**{¶19}** Husband's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MARK L. STEVENS, pro se, Appellant.

SUSAN J. LAX, Attorney at Law, for Appellee.