[Cite as *Westbury Place Homeowners Assn., Inc. v. Murea*, 2020-Ohio-2879.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

WESTBURY PLACE HOMEOWNERS
ASSOCIATION, INC.

    Appellee

    v.

RAZVAN MUREA

    Appellant

C.A. No.     19CA0075-M


APPEAL FROM JUDGMENT
ENTERED IN THE
MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    17CVH01259

DECISION AND JOURNAL ENTRY

Dated: May 11, 2020


CARR, Judge.

{¶1} Defendant-Appellant Razvan Murea appeals from the judgment of the Medina Municipal Court. This Court affirms.

I

{¶2} In May 2017, Plaintiff-Appellee Westbury Place Homeowners Association, Inc. ("Westbury") filed a complaint alleging that Mr. Murea failed to pay certain maintenance, assessment, and attorney fees which were due and owing. Westbury noted that it previously filed a foreclosure action against Mr. Murea and that the foreclosure decree was vacated and the case was dismissed after Mr. Murea "paid the face value of the foreclosure decree in February 2017[.]" However, Westbury asserted that additional fees, including attorney fees accrued between the prior trial date of February 9, 2015 to the present.

{¶3} Mr. Murea filed a motion to dismiss arguing that res judicata barred the current action. His motion was subsequently denied. Westbury then moved for summary judgment. Mr.

Murea opposed the motion, again asserting that res judicata barred Westbury's claim. A magistrate issued a magistrate's decision concluding that Westbury was entitled to judgment as a matter of law and awarded Westbury $2,455.61 and directed the clerk to set the matter for a hearing to determine the amount of attorney fees to be included in the judgment. The trial court adopted the decision the same day. Mr. Murea filed objections to the magistrate's decision, which were subsequently overruled by the trial court.

{¶4} A hearing was then held before the magistrate addressing the amount of attorney fees to be awarded. According to the magistrate's decision, an attorney testified about the fees contained in an exhibit which "states the work Plaintiff's counsel performed, the initials of the attorney who performed the work, the time spent on same, the hourly rate, and the amount billed for the same." The attorney "stated the fees contained in Plaintiff's Exhibit 1 are usual and customary for the nature of the work plaintiff's counsel performed, and are reasonable for doing such work." The magistrate observed that the attorney who testified "has extensive experience and ability in handling cases such as this, testified that the activities and fees contained in Plaintiff's Motion Hearing Exhibit 1 are lower than the time he would have spent and fees he would have charged in handling this action." Ultimately, the magistrate concluded that the fees were performed and were reasonable. The magistrate determined Westbury was entitled to $11,497.57 in attorney fees. The trial court adopted the magistrate's decision that same day. Mr. Murea did not file objections nor did he file the transcript of the hearing or the exhibit in the trial court.

{¶5} Mr. Murea has appealed, raising a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR THAT SUBSTANTIALLY PREJUDICED THE RIGHTS OF THE APPELLANT AND UNDERMINED THE PUBLIC CONFIDENCE IN THE RELIABILITY OF THE JUSTICE SYSTEM WHEN THE MAGISTRATE JUDGE SUBSTITUTED HIMSELF AS A FACT AND EXPERT WITNESS IN THE APPELLEE'S CASE IN CHIEF AND CREDITED EXPERT WITNESS TESTIMONY THAT HAD NO FACTUAL EVIDENTIARY FOUNDATION WITHIN THE MEANING OF OHIO EVIDENCE RULE 703 AND 705.

{¶6} Mr. Murea argues in his sole assignment of error that the trial court committed plain error in adopting the magistrate's decision because the magistrate's decision reflects that the magistrate "testified" in its order by stating that the content of the court files demonstrated the validity of the fees and by the magistrate relaying its past experience. Additionally, Mr. Murea argues that the attorney who testified at the attorney fees hearing was not a proper expert witness because Westbury failed to demonstrate that the work underlying the fees was actually performed.

{¶7} "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Pflaum v. Summit Cty. Animal Control*, 9th Dist. Summit No. 28335, 2017-Ohio-4166, ¶ 11, citing *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 17. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "'In so doing, we consider the trial court's action with reference to the nature of the underlying matter.'" *Pflaum* at ¶ 11, quoting *Tabatabai* at ¶ 18. Generally, "[a] trial court's determination in regards to an award of attorney fees will not be disturbed on appeal absent an abuse of discretion." (Citations omitted.) *Magnum Steel & Trading, LLC v. Mink*, 9th Dist. Summit Nos. 26127, 26231, 2013-Ohio-2431, ¶ 62.

{¶8}     Here, Mr. Murea failed to file any objections to the magistrate's decision addressing attorney fees.  Civ.R. 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."  Accordingly, Mr. Murea has forfeited all but plain error. *Mayiras v. Sunrise Motors, Inc.*, 9th Dist. Summit No. 27931, 2017-Ohio-279, ¶ 16.  "[T]he Ohio Supreme Court has held that 'in appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" *Curran v. Kelly*, 9th Dist. Medina No. 10CA139-M, 2012-Ohio-218, ¶ 7, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123 (1997).

{¶9}     We cannot say that Mr. Murea has demonstrated plain error.  To the extent Mr. Murea has asserted that the magistrate's statements in the magistrate's decision amount not only to improper testimony, but also plain error, we disagree.  First, claims of error on appeal must be based on the actions of the trial court, not the magistrate. *See Stevens v. Stevens*, 9th Dist. Medina No. 17CA0084-M, 2019-Ohio-264, ¶ 17.  Mr. Murea argues that these statements of the magistrate, which amount to comments about the contents of the trial court record and the magistrate's experience, are particularly problematic because they constitute evidence that was not presented at the hearing.  Even if we were to agree with Mr. Murea that the statements are problematic, Mr. Murea cannot succeed on his argument because review of his argument would require consideration of the transcript and exhibit, which were not considered by the trial court.

*But see State ex rel. Harris v. Rubino*, 156 Ohio St.3d 296, 2018-Ohio-5109, ¶ 4, citing *The Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 714-718 (6th Cir.2016) (appearing to rely on the Court's prior experience in similar situations in determining whether the rates were reasonable). While Mr. Murea did ensure that both the transcript and the exhibit were filed as part of this Court's record, those documents were not filed in the trial court prior to the time Mr. Murea filed a notice of appeal. Thus, the trial court did not consider them in rendering its decision. Accordingly, this Court is likewise not able to consider the transcript in determining whether the trial court committed plain error. *See O'Hara v. Ephraim*, 9th Dist. Summit No. 28467, 2018-Ohio-567, ¶ 15; *see also Stevens* at ¶ 17; *Strassini v. Strassini*, 9th Dist. Summit No. 26038, 2012-Ohio-5269, ¶ 10 ("[W]e cannot consider materials that were not available for the trial court to consider.").

{¶10} Finally, Mr. Murea maintains that the testimony of the attorney who did testify at the hearing was improper in that it lacked foundation and violated Evid.R. 703 and 705. Mr. Murea asserts that the record does not demonstrate that the work comprising the attorney fee request was actually performed. Again, review of the transcript and exhibit would be vital to determining the merits of this argument. For the same reasons discussed above, we are likewise not able to review the transcript and exhibit to resolve this argument.

{¶11} Overall, Mr. Murea has not demonstrated that the trial court committed plain error. Mr. Murea's assignment of error is overruled.

III.

{¶12} Mr. Murea's assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MICHAEL T. CONWAY, Attorney at Law, for Appellant.

LINSDEY A. WRUBEL, Attorney at Law, for Appellee.