Laverne CHADDOCK, etc., Plaintiff,

v.

JOHNS–MANVILLE SALES CORP., et al., Defendants.

No. C–1–82–503.

United States District Court, S.D. Ohio, W.D.

Jan. 13, 1984.

Stanley M. Chesley, Cincinnati, Ohio, for plaintiff.

Frederick J. McGavran, Cincinnati, Ohio, for Johns-Manville.

Jack C. McGowan, Hamilton, Ohio, for Armstrong World.

Gordon C. Greene, Cincinnati, Ohio, for Celotex.

Robert H. Sack, Cincinnati, Ohio, for Forty-Eight Insulation and Eagle-Picher.

Thomas L. Eagen, Jr., Cincinnati, Ohio, for Fibreboard.

John H. Burtch, Columbus, Ohio, for GAF.

Thomas M. Green, Dayton, Ohio, for Raybestos-Manhatten.

Leo J. Breslin, Cincinnati, Ohio, for Nicolet.

James H. Ledman, Columbus, Ohio, for Pittsburgh Corning.

David Wade Peck, Cincinnati, Ohio, for Pfizer.

Richard D. Heiser, Cincinnati, Ohio, for Nat. Gypsum.

Neil F. Freund, Dayton, Ohio, for Keene.

David Fries, Cincinnati, Ohio, for Standard Asbestos.

C.J. DeMichelis, Cincinnati, Ohio, for Ric-Will.

Nancy A. Lawson, Cincinnati, Ohio, for Owens-Illinois.

## ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS OF OWENS–ILLINOIS, INC.

SPIEGEL, District Judge:

This matter came on for consideration of the motion to dismiss of defendant Owens-Illinois, Inc. (doc. 101), plaintiff's response (doc. 126), and defendant's reply brief (doc. 130). Also before this Court is plaintiff's response to the reply brief (doc. 132); this response has not been considered as Local Rule 4.0.2 prohibits the filing of such a brief without leave of Court.

This asbestos case was brought by the widow of a deceased asbestos worker on behalf of her decedent's estate and herself. Defendant Owens-Illinois, Inc. (OI) seeks an Order dismissing plaintiff's personal injury, wrongful death, and survival action claims as against it on the grounds that the amended complaint demonstrates those claims are barred by applicable statutes of limitations.

■ In this diversity action, the plaintiff alleges that her decedent was employed as a pipe insulation installer in the State of

Ohio from 1940 through 1943 and during this period was exposed to asbestos-containing products manufactured and sold by the defendants. Both plaintiff and her decedent were residents of Louisiana when Ronald Chaddock became ill and eventually died. Because the events giving rise to this action took place in more than one state, we must follow the conflicts of laws rules of the forum state. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Accordingly, we must look at Ohio conflicts law to determine whether the law of Ohio or Louisiana governs.

■ It is clear that in Ohio the rule of *lex loci delicti* no longer automatically determines which law should be applied. In addition to considering where the injury occurred, the Court must also weigh the plaintiff's selection of Ohio as the forum state, and Ohio's interest in advancing its legislative policy. *Moats v. The Metropolitan Bank of Lima*, 40 Ohio St.2d 47, 49, 319 N.E.2d 603 (1974), relying upon *Schiltz v. Meyer*, 29 Ohio St.2d 169, 280 N.E.2d 925 (1972), which held that where one non-resident sues another non-resident in an Ohio court for damages resulting from an automobile accident in Ohio, the substantive and procedural laws of Ohio govern. In *Schiltz*, the Supreme Court of Ohio observed that the rule of *lex loci delicti* should not be applied where application of the rule would be contrary to the legislative policy of Ohio, adding that a plaintiff is entitled to application of the law of the forum state where there is no compelling reason to rule otherwise. 29 Ohio St.2d at 171, 280 N.E.2d 925.

■ Given the facts of the instant case, we find no compelling reason not to apply the law of Ohio. Plaintiff chose to bring her action here; the alleged exposure giving rise to liability occurred here; and the legislative policy of Ohio is clearly to provide a judicial framework in which to consider asbestos-related tort claims. Accordingly, we hold that the law of Ohio shall govern this action.

■ Wrongful death actions in Ohio are governed by the two-year statute of limitations of O.R.C. § 2125.02. At the time of plaintiff's decedent's death, the statute provided that such an action "must be commenced within two years after the death of such deceased person." Although the wrongful death statute was amended, effective February 5, 1982, the amendments did not change this two-year statute of limitations. O.R.C. § 2125.02(D).

Ronald Chaddock died June 17, 1981. To be timely, therefore, any wrongful death claim must have been commenced no later than June 18, 1983. OI was not named as a defendant in the original complaint filed May 17, 1982. OI was named, however, as a party defendant in the first amended complaint. Plaintiff filed a motion for leave to file that amended complaint June 14, 1983. The Court granted leave to file that complaint July 28, 1983. Plaintiff's first amended complaint was filed August 1, 1983 and served upon defendant OI August 8, 1983.

Defendant argues that the amended complaint is untimely with respect to the wrongful death claim because it was not filed until August 1, 1983. Plaintiff insists, however, that the amended complaint relates back to June 14, 1983 when she filed the motion for leave to file the amended complaint.

We agree with plaintiff. She was required to seek leave of Court to file the amended complaint. She had no control over when the Court might decide her motion. She sought leave prior to the expiration of the statute of limitations, attaching the amended complaint to her motion for leave to file. Obviously she could not serve the complaint on OI until leave was granted. To dismiss a claim under these circumstances would not be in the best interest of justice. We hold, therefore, that an amended complaint adding new parties defendant relates back to the date on which the motion for leave to file the amended complaint was filed. If the motion for leave is filed within the applicable

limitations period, the complaint, assuming leave is granted, is timely.

Here plaintiff filed the motion for leave to file her amended complaint June 14, 1983. The limitations period for her wrongful death claim did not run until June 18, 1983. The amended complaint, therefore, is timely for purposes of the wrongful death claim. Accordingly, we decline to dismiss that claim.

■ The situation is different with respect to the personal injury and survival claims. Ohio Revised Code § 2305.10 provides that an action for personal injury be brought within two years after the cause of action arose. Where the injury is allegedly caused by exposure to asbestos, § 2305.10 provides that the cause of action arises when the individual is first diagnosed as suffering from an asbestos-related disease or when he reasonably should have been aware that he had been injured by exposure to asbestos. Survival claims are also subject to the two-year statute of limitations of § 2305.10. O.R.C. § 2305.21.

Plaintiff's decedent was diagnosed as suffering from an asbestos-related disease in May, 1981. Thus, under Ohio law, a personal injury or survival claim is not timely unless filed before the end of May, 1983.

Using the relations-back test just applied to plaintiff's wrongful death claim, we conclude that the amended complaint is untimely with respect to the personal injury and survival claims. The amended complaint relates back to June 14, 1983, the date on which the motion for leave to file the amended complaint was granted. The limitations period for the personal injury and survival claims terminated, at the latest, May 30, 1983. We find that defendant OI's motion to dismiss the personal injury and survival claims as untimely is well-taken and should be granted. Accordingly, plaintiff's personal injury and survival claims against OI are hereby dismissed.

In summary, we deny OI's motion with respect to plaintiff's wrongful death claim. Plaintiff's claim for loss of consortium was not challenged by defendant who admits that such claims are governed by a four-year statute of limitations. Defendant's motion is granted with respect to plaintiff's personal injury and survival claims against OI and these claims are accordingly dismissed.

SO ORDERED.