[Cite as *Hunter v. Rhino Shield*, 2019-Ohio-1422.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ruth A. Hunter et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 18AP-244 |
| v. | : | (C.P.C. No. 14CV-1274) |
| Rhino Shield et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |
| [Aleksandre Dgebuadze, | : | |
| Defendant-Appellee]. | : | |

D E C I S I O N

Rendered on April 16, 2019

**On brief:** *Law Offices of James P. Connors*, and *James P. Connors*, for appellants. **Argued:** *James P. Connors*.

**On brief:** *Onda, LaBuhn, Rankin & Boggs Co., LPA*, *Patrick H. Boggs* and *Ilya L. Polyakov*, for appellee Aleksandre Dgebuadze. **Argued:** *Ilya L. Polyakov*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Plaintiffs-appellants, Ruth A. Hunter and David G. Hunter, appeal a judgment of the Franklin County Court of Common Pleas that vacated the entry of a default judgment against defendant-appellee, Aleksandre Dgebuadze. For the following reasons, we affirm the trial court's judgment.

{¶ 2} This case arises from the alleged faulty application of Rhino Shield, a ceramic coating, to the exterior of the Hunters' residence. On February 6, 2014, the Hunters filed suit against multiple defendants, including Tri-State Coating, Inc. ("Tri-State"), for damage allegedly caused to their home. In their complaint, the Hunters asserted claims for violation of the Ohio Consumer Sales Practices Act and the Ohio Home Sales Solicitation Act, as well as breach of contract and negligence and/or false misrepresentation.[1]

{¶ 3} Tri-State answered the complaint and filed a third-party complaint against Dgebuadze. In the third-party complaint, Tri-State alleged that it had subcontracted with Dgebuadze to apply the Rhino Shield product to the Hunters' residence. Tri-State sought indemnification from Dgebuadze for any damages the Hunters recovered in their lawsuit against Tri-State. Tri-State also asserted that Dgebuadze breached the subcontractor services agreement he and Tri-State had executed.[2]

{¶ 4} On September 4, 2014, the Hunters moved for leave to amend their complaint to add Dgebuadze as a defendant. The Hunters attached a copy of the proposed amended complaint to their motion for leave.

{¶ 5} At the same time the Hunters moved for leave, they also separately filed the proposed amended complaint and instructed the Franklin County Clerk of Courts ("clerk") serve it on Dgebuadze by certified mail. The clerk complied with the Hunters' instruction. The clerk later entered into the record a signed certified-mail receipt indicating that Dgebuadze received a summons and the proposed amended complaint on September 22, 2014.

{¶ 6} Over two weeks later, on October 9, 2014, the trial court issued an entry granting the Hunters leave to file the proposed amended complaint. The trial court also stated in the October 9, 2014 entry that it accepted the proposed amended complaint as part of the record.

{¶ 7} When Dgebuadze failed to answer the amended complaint, the Hunters moved for default judgment against Dgebuadze. The trial court granted the Hunters'

---

[1] Our decision in *Hunter v. Rhino Shield*, 10th Dist. No. 17AP-751, 2018-Ohio-2371, more fully explains the facts and procedural history of this case.

[2] Tri-State did not properly serve Dgebuadze with the third-party complaint because it listed an incorrect address for Dgebuadze when issuing instructions for service of process.

motion in an entry dated November 10, 2015. That entry also stated that the trial court would set the matter for a damages hearing following the resolution of the Hunters' claims against the other defendants.

{¶ 8} Before a damages hearing could occur, Dgebuadze moved to vacate the entry of default judgment against him. In relevant part, Dgebuadze argued that the trial court lacked personal jurisdiction over him because the Hunters served him with the amended complaint before the trial court granted the Hunters leave to file that complaint. Dgebuadze asserted that service of a mere proposed amended complaint could not confer jurisdiction over him to the trial court. In a judgment dated March 9, 2018, the trial court agreed with Dgebuadze's argument and vacated the default judgment against him. The trial court also dismissed the Hunters' claims against Dgebuadze.

{¶ 9} The Hunters now appeal the March 9, 2018 judgment, and they assign the following error:

> The trial court erred by granting defendant Aleksandre Dgebuadze's Motion to Vacate the November 10, 2015 Default Judgment.

{¶ 10} By their assignment of error, the Hunters argue that they properly served Dgebuadze with the amended complaint, so the trial court erred in concluding that it lacked personal jurisdiction over Dgebuadze. We do not find this argument persuasive.

{¶ 11} In order to render a valid personal judgment, a trial court must have personal jurisdiction over the defendant. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). If a trial court renders a judgment without first obtaining personal jurisdiction over the defendant, that judgment is void. *Third Fed. S. & L. Assn. v. Taylor*, 10th Dist. No. 17AP-254, 2017-Ohio-7620, ¶ 11, *Young v. Locke*, 10th Dist. No. 13AP-608, 2014-Ohio-2500, ¶ 21. Whether a trial court has acquired personal jurisdiction over a defendant is a question of law that an appellate court reviews de novo. *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, ¶ 27.

{¶ 12} In the case at bar, the Hunters sought to initiate litigation against Dgebuadze approximately seven months after they first filed suit. To accomplish their aim, the Hunters

faced two impediments. First, pursuant to Civ.R. 15(A), they needed leave of court to file an amended complaint adding Dgebuadze as a defendant.[3]

{¶ 13} In relevant part, Civ.R. 15(A) provides:

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

Thus, a plaintiff may amend a complaint as a matter of course within (1) 28 days of service of the complaint, or (2) the earlier of 28 days of service of (a) a responsive pleading or (b) a motion to dismiss, to strike, or for a more definite statement. Civ.R. 15 Staff Notes (July 1, 2013) (explaining the 2013 changes to Civ.R. 15(A)). After the applicable 28-day period elapses, a plaintiff may not file an amended complaint without first obtaining leave from the trial court.[4]

{¶ 14} Here, Tri-State served its answer to the complaint on March 11, 2014. The 28-day period in which the Hunters could have filed an amended complaint as matter of right ended on April 8, 2014. Consequently, when the Hunters sought to add Dgebuadze to their complaint on September 4, 2014, they filed a motion asking for leave of court.

{¶ 15} The Hunters also faced a second impediment to initiating suit against Dgebuadze: they had to ensure that the trial court could exercise personal jurisdiction over him. A trial court acquires personal jurisdiction over a defendant by effective service of process on the defendant, the defendant's voluntary appearance in the case, or other acts that constitute a waiver of the jurisdiction defense. *Maryhew*, 11 Ohio St.3d at 156. Absent a waiver, proper service of process is a prerequisite for personal jurisdiction. *Williams v.*

---

[3] In the alternative, the Hunters could have sought to add Dgebuadze pursuant to Civ.R. 21, which "expressly governs initial nonjoinder and subsequent addition of parties." *Darby v. A-Best Prods. Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, ¶ 10. Regardless of whether the Hunters proceeded under Civ.R. 15(A) or 21, the outcome of this appeal remains the same because, as applied here, both rules required court permission to add a party. We analyze this case using Civ.R. 15(A) because that is the rule the Hunters cited in their motion for leave.

[4] Alternatively, a plaintiff may amend its complaint after securing the defendant's consent. As the Hunters did not pursue that option, we do not discuss it.

*Gray Guy Group, L.L.C.*, 10th Dist. No. 16AP-321, 2016-Ohio-8499, ¶ 18; *During v. Quoico*, 10th Dist. No. 11AP-735, 2012-Ohio-2990, ¶ 25. "Service of the summons and complaint ' "is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." ' " *During* at ¶ 25, quoting *Omni Capital Internatl., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987), quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946). Civ.R. 4.1 sets forth methods for obtaining service of process within the state. Here, the Hunters attempted to establish personal jurisdiction through service of process by the method specified in Civ.R. 4.1(A)(1)(a), i.e., service by certified mail.

{¶ 16} The controversy at issue in this appeal arises from the order in which the Hunters endeavored to surmount the two impediments to adding Dgebuadze to their lawsuit. The Hunters tried to accomplish service of process on Dgebuadze before they obtained leave of court to file the amended complaint. Thus, the clerk served on Dgebuadze a document that was entitled "Amended Complaint," but lacked the necessary imprimatur to actually constitute an amended complaint. Without the attachment of an actual complaint to a summons, no service of process can occur, regardless of whether the other criteria of Civ.R. 4.1(A)(1)(a) are met. Despite this problem, the Hunters argue that the order of events—service prior to the issuance of leave—does not constitute a defect that negates the trial court's personal jurisdiction over Dgebuadze. We do not agree.

{¶ 17} When leave is required to file an amended complaint, and a party files or serves the amended complaint without leave of court, the amended complaint is without legal effect. *IBEW, Local Union No. 8 v. Kingfish Elec., LLC*, 6th Dist. No. WM-11-006, 2012-Ohio-2363, ¶ 18; *accord PNC Bank, N.A. v. J & J Slyman, L.L.C.*, 8th Dist. No. 101777, 2015-Ohio-2951, ¶ 20 ("Generally, where leave is required to file a pleading, and a party files its pleading without the requisite leave, a trial court may treat it as a legal nullity."); *Schmidt v. United States*, 749 F.3d 1064, 1069 (D.C.Cir.2014) (affirming the trial court's decision to disallow the plaintiff's amended complaint, "which, absent consent or leave of court, was without legal effect"); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir.1998) ("Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect."); *Hardin v. Wal-Mart Stores, Inc.*, 813 F.Supp.2d 1167, 1181 (E.D.Cal.2011) ("If an amended pleading can not be made as of right

and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); *White v. SKF Aerospace, Inc.*, 768 F.Supp. 498, 501 (E.D.Pa.1991) (" 'In general, if an amendment that cannot be made as of right is served without leave of court or the opposing party's consent, it is without legal effect.' "); *Miller v. Weaver*, 2003 UT 12, ¶ 9 ("Amended complaints that are filed without leave of the court are without legal effect; an attempted amendment cannot rise to the level of a cause of action until the court recognizes it as such."); *Weldon v. Dunn*, 1998 OK 80, ¶ 6 ("An amended petition, untimely filed and filed without leave of court or consent of the opposing party, is a nullity.").

{¶ 18} At least one court has applied this rule in holding that a plaintiff can only effectively serve an amended complaint on a defendant after the trial court grants the plaintiff leave to amend. *Will v. Frontier Contrs., Inc.*, 121 Wn.App. 119, 127 (2004). Another court concluded that "[t]he plaintiff's failure to obtain leave of court before service of its supplemental summons and amended complaint to add a new party defendant constituted a jurisdictional defect requiring dismissal of the action against the new party defendant." *Dauernheim v. Lendlease Cars, Inc.*, 202 A.D.2d 624, 625 (N.Y.App.1994).

{¶ 19} In *Columbus Metro. Housing Auth. v. Timson*, 10th Dist. No. 88AP-163 (Aug. 30, 1988), this court considered whether the trial court properly entered a default judgment against a defendant who did not answer an amended complaint, which the plaintiff filed and served even though the trial court had not entered a judgment granting the necessary leave. We held that "the filing and serving of an amended complaint remains merely a proposed amended complaint until the trial court's order allowing it to be filed is entered." *Id.* In other words, we refused to endow the filed-and-served amended complaint with legal effect absent an order giving the plaintiff permission to file it. We thus reversed the entry of default judgment.

{¶ 20} Here, the Hunters directed the clerk to serve their proposed amended complaint on Dgebuadze even though the trial court had not yet granted them the required leave to amend their complaint. Dgebuadze received a summons and a copy of the proposed amended complaint from the clerk on September 22, 2014. The trial court did not grant the Hunters leave to amend until October 9, 2014—over two weeks later.

{¶ 21} Applying the foregoing precedent, we conclude that the clerk served a document with no legal effect when it served the proposed amended complaint on Dgebuadze. Because the document served lacked legal effect, the Hunters failed to accomplish service of process on Dgebuadze. Consequently, the trial court properly determined that it lacked personal jurisdiction over Dgebuadze and vacated the default judgment against him.

{¶ 22} In arguing to the contrary, the Hunters point out that this court and others have held that a party need not separately file a document attached to a motion for leave after the trial court grants the party leave to file that document. *See, e.g., Capital One Bank (USA), N.A. v. Ryan*, 10th Dist. No. 14AP-102, 2014-Ohio-3932, ¶ 20; *Lee v. Norton*, 8th Dist. No. 88347, 2007-Ohio-534, ¶ 9; *Tomko v. McFaul*, 133 Ohio App.3d 742, 746 (8th Dist.1999). Thus, for example, even if a moving party fails to separately file its motion for summary judgment after receiving leave to file it, a trial court may nevertheless consider whether to award summary judgment. *Ryan* at ¶ 20; *Lee* at ¶ 8-9, 17. In such cases, courts find service of the proposed motion or pleading (when attached to or filed simultaneously with the motion for leave) sufficient to satisfy Civ.R. 5(A) despite the fact that such service occurs prior to the grant of leave. *Ryan* at ¶ 21; *Tomko* at 746. Based on this precedent, the Hunters claim that "Ohio courts have rejected the notion that service is not valid because the order granting the motion for leave had not yet been filed." (Appellant's Brief at 22.)

{¶ 23} We decline to apply the broad rule the Hunters synthesize from the cited cases to this case. None of the cited cases involved a motion for leave to file an amended complaint, so none of the cases addressed whether a plaintiff may validly serve a newly added defendant with the proposed amended complaint before receiving leave. Unlike the cited cases, the question in this case is whether effective service of process occurred, which in turn, determines whether the trial court possessed personal jurisdiction over Dgebuadze. With the very authority of the trial court at stake, nothing less than service of an amended complaint, filed and served with court permission, qualifies as effective service of process.

{¶ 24} Next, the Hunters argue that the trial court erred in not deeming their amended complaint filed (and ready for service) on the date they moved for leave, rather than the date the trial court granted leave and accepted the proposed amended complaint

into the record.  According to the Hunters, if the trial court had bestowed post hoc validity on their amended complaint extending back to the date they filed the motion for leave, then the pre-leave service of the proposed amended complaint would constitute effective service of process.

{¶ 25}  Initially, we note that the Hunters did not raise this argument in the trial court.  Generally, a party waives the right to appeal an issue that the party could have, but did not, raise before the trial court.  *Columbus City School Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 549, 2015-Ohio-4837, ¶ 14; *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34.  Because the Hunters did not ask the trial court to deem the amended complaint filed on the date they filed their motion for leave, they waived their ability to argue that point on appeal.

{¶ 26}  Even if the Hunters had not waived their argument, it is unavailing.  First, the argument conflicts with the general rule that "where * * * leave of court is a prerequisite to the filing of a [document], such [document] cannot be deemed to be filed until such leave is granted by the court, even though the [document] is tendered with the motion [for] leave and, in a sense, filed therewith."  *K.R.D. Hamilton & Assocs., Inc. v. Applied Mgt. Sys., Inc.*, 10th Dist. No. 78AP-509 (Mar. 20, 1979); *accord Angles v. Dollar Tree Stores, Inc.*, 494 Fed.Appx. 326, 329 (4th Cir.2012) ("Under Rule 15, * * * an amended complaint is not actually 'filed' until the court grants 'leave' for the amendment."); *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir.1993) (holding that an amended complaint is not technically filed until the trial court grants the motion for leave).

{¶ 27}  The Hunters rely on an exception to the general rule to advance their argument.  Under that exception, for statute-of-limitations purposes, an amended complaint filed as an attachment to a motion for leave to amend is deemed filed as of the date the motion was filed, provided the trial court grants the motion.  *Mayes v. AT & T Information Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir.1989); *Chaddock v. Johns-Manville Sales Corp.*, 577 F.Supp. 937, 939-40 (S.D.Ohio 1984); *Scott v. McCluskey*, 9th Dist. No. 25838, 2012-Ohio-2484, ¶ 29; *Guerrero v. C.H.P. Inc.*, 8th Dist. No. 78484 (Aug. 16, 2001); *Trosin v. Internatl. Harvester Co.*, 6th Dist. No. WD-86-37 (Oct. 24, 1986).  As one court explained:

> [The plaintiff] was required to seek leave of Court to file the
> amended complaint.  She had no control over when the Court

> might decide her motion. She sought leave prior to the expiration of the statute of limitations, attaching the amended complaint to her motion for leave to file. Obviously she could not serve the complaint on [the newly added defendant] until leave was granted. To dismiss a claim under these circumstances would not be in the best interest of justice. We hold, therefore, that an amended complaint adding new parties defendant relates back to the date on which the motion for leave to file the amended complaint was filed. If the motion for leave is filed within the applicable limitations period, the complaint, assuming leave is granted, is timely.

*Chaddock* at 939-40.

{¶ 28} The case at bar does not involve a statute-of-limitations issue, which distinguishes it from the precedent cited and eliminates the equitable justification for deeming an amended complaint filed on the date the motion for leave was filed. Additionally, the cited precedent cuts against the Hunters because it recognizes that a plaintiff "[o]bviously" cannot serve an amended complaint until the trial court grants leave. *Id.* at 939. The cited precedent, therefore, does not support the conclusion that proper service of process occurred in this case.

{¶ 29} Finally, the Hunters argue that Dgebuadze cannot challenge the effectiveness of the service of process because he has failed to demonstrate prejudice resulting from the defect in the service he received. The Hunters contend that Dgebuadze cannot show prejudice because his failure to answer the amended complaint resulted from the false assurances by a co-defendant that "he and his lawyers would take care of it," and not ignorance that the amended complaint existed. (Dec. 6, 2017 Dgebuadze Aff. at ¶ 10.) However, a defendant's actual knowledge of a lawsuit and lack of prejudice due to that knowledge do not excuse the plaintiff's obligation to properly effectuate service of process. *Laneve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 22; *Boggs v. Denmead*, 10th Dist. No. 17AP-199, 2018-Ohio-2408, ¶ 36; *Erin Capital Mgt., L.L.C. v. Fournier*, 10th Dist. No. 11AP-483, 2012-Ohio-939, ¶ 28. Therefore, Dgebuadze's failure to demonstrate prejudice does not warrant reversal of the trial court's decision.

{¶ 30} Having rejected each of the Hunters' arguments, we conclude that the trial court did not err in vacating its earlier grant of default judgment. Accordingly, we overrule

the Hunters' sole assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.

———————————