Judgment reversed<br>and cause remanded.

ROGERS, P.J., concurs.

SHAW, J., concurs in judgment only.

**TOLEDO, Appellee,**

v.

**HUGHES, Appellant.**

[Cite as *Toledo v. Hughes*, 174 Ohio App.3d 598, 2007-Ohio-7098.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–07–1189.

Decided Dec. 31, 2007.

---

David Toska, Toledo Prosecuting Attorney, and Michael Niedzielski, Assistant Prosecuting Attorney, for appellee.

Donna Grill, for appellant.

Osowik, Judge.

{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court, which found appellant guilty of one count of violation of a civil protection order, in

violation of Toledo Municipal Code 537.27. For the reasons set forth below, this court reverses the judgment of the trial court.

{¶ 2} Appellant, James Hughes, sets forth the following single assignment of error:

{¶ 3} "Appellant's conviction for violation of protection order was against the manifest weight of the evidence as the prosecutor failed to prove beyond a reasonable doubt that appellant was reckless."

{¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On July 20, 2006, the Lucas County Court of Common Pleas issued a civil protection order pursuant to R.C. 2903.214, naming appellant as the respondent. This protection order remains in effect until July 19, 2009.

{¶ 5} In December 2006, appellant filed suit against the named protected party in small-claims court pertaining to a dispute stemming from an unresolved proposed sale of a motor vehicle between the parties. Appellant had furnished a down payment toward purchase of the vehicle. Subsequently, the sale fell apart. The small-claims court ruled that the sale was void and that appellant was not entitled to a refund of his down payment. On March 20, 2007, appellant filed objections to the magistrate's decision.

{¶ 6} Appellant represented himself on a pro se basis. While at the small-claims division clerk's office, appellant was instructed by a staff member that he was required to mail a copy of his objections to the opposing party. Appellant complied with those instructions and forwarded a copy of his objections to the other named party to the action.

{¶ 7} On March 29, 2007, one count of a violation of a civil protection order was filed against appellant by the named protected person. The sole basis of the violation was appellant's conduct in, at the direction of court personnel, forwarding a copy of his objections to the small-claims court decision to the opposing party.

{¶ 8} On April 26, 2007, a pretrial was conducted. At pretrial, the court revoked appellant's bond and remanded him into custody. Appellant remained in custody until the trial date and ultimately served a full term of six months' incarceration. On May 10, 2007, a bench trial was held at the Toledo Municipal Court. Appellant was found guilty. Appellant's request for stay of execution of sentence pending appeal was denied.

{¶ 9} In his single assignment of error, appellant asserts that his conviction for violation of a civil protection order was against the manifest weight of the evidence. In support, appellant argues that the state failed to prove the element of recklessness necessary for the offense of which appellant was convicted.

{¶ 10} Our function when reviewing a manifest-weight-of-the-evidence argument is to determine whether the greater amount of credible evidence supported the verdict. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. Under this appellate standard, this court sits as a "thirteenth juror" and reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether the trier of fact clearly lost its way so as to create a manifest miscarriage of justice. Id. If the record of evidence convinces us that the factfinder clearly lost its way, we must reverse the conviction. Id.

{¶ 11} Toledo Municipal Code 537.27 states that "no person shall recklessly violate the terms of any of the following: (2) A protection order issued pursuant to sections 2903.213 or 2903.214 of the Ohio Revised Code or 537.26 of the Toledo Municipal Code." In order to determine whether the record of evidence supported a guilty verdict, evidence relevant to the element of recklessness is determinative. R.C. 2901.22(C) statutorily defines the element of recklessness as follows: "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."

{¶ 12} In contraposition to the above legal aspects of this case, appellant was required to perfect service against the opposing party in conformity with the Civil Rules of Procedure. T.M.C.Loc.R. 14(E). Specifically, Civ.R. 5(B) mandates that service upon the opposing party shall be made, "by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served or, if no address is known, leaving it with the clerk of court." In accordance with the above, the record shows that appellant mailed a copy of the form furnished to him by the clerk to the last known address of the party to be served. In addition, appellant attached documents that were of record from the contested hearing. The record contains no evidence to suggest that the manner or nature of service was done in reckless violation of the order.

{¶ 13} Appellant was subject to a civil protection order in which he was barred from having contact with the named protected person. The order defined "contact" as including "telephone, fax, e-mail, voicemail, delivery service, writings, or communications by any other means." In this case, appellant mailed a copy of his objections to a small-claims court decision in which he and the named protected person were opposing parties. Appellant undertook this action in response to specific instructions to do so by small-claims court personnel. Appellant represented himself in that case on a pro se basis.

{¶ 14} The record clearly reflects that appellant was advised that his objections were not valid and could not be heard unless he served a copy of the objections

upon the opposing party. It is important to note that appellant did not draft a personalized letter to the protected person. Rather, appellant sent a copy of a required court document to the person against whom his small-claims case was filed. Appellant did so at the direction of court personnel. Significantly, appellant was required to sign a certification verifying that he would mail the document to the other party.

{¶ 15} Given this unique factual scenario, we find no evidence establishing that appellant knowingly proceeded in disregard of the legal consequences of his actions. There is no indication that appellant understood that his conduct could be perceived as an attempt to circumvent the protection order. Appellant's conviction under these circumstances was against the greater amount of credible evidence. We find appellant's assignment of error well taken.

{¶ 16} On consideration whereof, the judgment of the Toledo Municipal Court is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment reversed.

PIETRYKOWSKI, P.J., and SINGER, J., concur.