[Cite as *C.L. v. Weiler*, 2023-Ohio-13.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

C.L.,                                            :

      Petitioner-Appellee,          :

                                                  No. 111474

      v.                                    :

SHAWN WEILER,                               :

      Respondent-Appellant.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 5, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-881338

---

### *Appearances:*

Shawn Weiler, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Respondent-appellant Shawn Weiler appeals from a judgment of Cuyahoga County Court of Common Pleas that found him in contempt for violating a civil stalking protection order ("CSPO"). The CSPO prohibited him from having any contact with C.L., a former coworker. While the CSPO was in effect, Weiler filed a lawsuit against her; among the causes of actions he raised in the complaint was his claim that her petition for a protection order against him constituted malicious

prosecution. While the terms of the CSPO prohibited Weiler from any written contact with C.L., he sent multiple mailings to her directly in connection with the lawsuit, among them a copy of the summons and complaint, even though she was served with the summons and complaint by the clerk's office upon his request and in accordance with the Rules of Civil Procedure. The trial court found him in contempt for violating the CSPO by sending correspondence and documents to C.L. Because the record contains competent credible evidence to support the trial court's determination, we cannot say the trial court abused its discretion in finding Weiler in contempt.

**Background**

{¶ 2} C.L. and Weiler were employed by the same company in 2017. On June 6, 2017, C.L. filed a "Petition for Civil Stalking Protection Order or Civil Sexually Oriented Offense Protection Order" pursuant to R.C. 2903.214. The petition alleged that Weiler "sent threatening email over the work email," which she reported to her employer, and that after he was terminated, he "continued to threaten [her] several times from multiple emails, beginning April 30, 2017." On the same day the petition was filed, the trial court granted a temporary CSPO and set the matter for a hearing.

{¶ 3} On July 3, 2017, the court held a full hearing on the petition. C.L. was represented by counsel, and Weiler appeared pro se. Both provided testimony, as well as C.L.'s father. After the hearing, the trial court issued a CSPO against Weiler for the maximum term of five years, to expire on July 3, 2022. The court found Weiler "engaged in a pattern of conduct that knowingly caused petitioner to believe

that respondent would cause her physical harm and caused mental distress to petitioner." The terms and conditions of the protection order include the following: "The subject is restrained from making any communication with the protected person, including but not limited to personal, written, or telephone contact[.]" No appeal was taken from the order.

{¶ 4} On June 1, 2018, Weiler sent a lengthy email about C.L. to employees of the company where Weiler and C.L. worked together. As a result, on June 4, 2018, C.L. filed a criminal complaint against Weiler. He was found guilty of violating the CSPO after a jury trial.[1]

{¶ 5} On June 4, 2021, Weiler filed a civil complaint against C.L., asserting claims of civil malicious prosecution, criminal malicious prosecution, and constructive fraud, in Cuyahoga C.P. No. CV-17-881338.[2] The lawsuit was subsequently dismissed by the trial court upon C.L.'s motion to dismiss pursuant to Civ.R. 12(B)(6), and this court affirmed the dismissal in *Weiler v. C.L.,* 8th Dist. Cuyahoga No. 111657, 2022-Ohio-4212.[3] This court found the dismissal proper

---

[1] The conditions of the CSPO included a prohibition against making any communication with the protected person's "employer, employees, or fellow workers, or others with whom the communication would be likely to cause annoyance or alarm the victim."

[2] The civil prosecution referred to C.L.'s petition for a CSPO, and the criminal prosecution referred to the criminal complaint filed by C.L. on June 4, 2018.

[3] In the opinion, this court recited verbatim a portion of the lengthy email about C.L. sent by Weiler on June 1, 2018. The email detailed Weiler's allegation that C.L. was sexually interested in him and "purposely — but nonverbally — offered herself to [Weiler] to have sexual relations with [sic] at [the workplace] during work hours." *Id.* at ¶ 4, citing paragraph eight of Weiler's amended complaint.

because neither the civil protection order proceeding nor the criminal proceeding regarding his violation of the protection order ended in his favor, and therefore, on the face of the complaint, he cannot prevail on either a civil or criminal malicious prosecution claim. *Id*. at ¶ 12.

{¶ 6} The instant appeal arose from Weiler's conduct communicating with C.L. regarding the malicious prosecution lawsuit. The trial court docket of that prior case is not part of the record before us, but we are able to discern the following from the record in this appeal.

{¶ 7} On December 28, 2021, Weiler filed a "Notice of Change of Address" in the malicious prosecution lawsuit, notifying the court that C.L.'s address has been changed. He provided the court with her new address in Texas and requested that "the Clerk change Defendant's address of record and provide all notices" to C.L.'s new address. On December 29, 2021, the clerk's office sent the summons and complaint to C.L.'s new address. However, Weiler also sent the court papers to C.L. himself on December 29, 2021.

{¶ 8} On February 8, 2022, C.L., through her attorney, filed a motion to show cause, requesting a hearing on why Weiler should not be held in contempt for violating the CSPO. She alleged that Weiler violated the protection order by directly corresponding with her and by filing a fraudulent lawsuit against her. Attached to her motion was the "Notice of Change of Address" filed by Weiler on December 28, 2021, and a photocopy of an envelope showing a mailing dated December 29, 2021, from Weiler at his Lakewood Ohio address to C.L. at her Texas address.

{¶ 9} In response, Weiler filed a "Motion to Strike Sham." He alleged that there is no prohibition in the CSPO against "serving process" on C.L.[4]

{¶ 10} The trial court held a show-cause hearing on April 1, 2022. C.L.'s counsel cited the harassing conduct Weiler himself described in great detail in the email he sent to his former coworkers on June 1, 2018; counsel described Weiler as "delusional" and "unhinged." Counsel also reported that since C.L. filed the show cause motion, Weiler mailed her "an additional I think five or six pleadings" in the malicious prosecution lawsuit. Counsel also reported Weiler had called C.L. recently and she immediately hung up on him.

{¶ 11} C.L. testified that in 2018, she went to law enforcement after she learned that over 70 of her coworkers received a very lengthy email from Weiler about her. She immediately filed a police report, and Weiler was subsequently found guilty of violating the civil stalking protection order.

{¶ 12} C.L. further testified that, in December 2021, she began to receive mail from Weiler's personal address to her at her out-of-state address. She received a total of nine mailings in the course of several months. She did not open the first three mailings and instead sent them to her attorney. She opened the remaining mailings, which all contained court documents. These mailings were initially addressed to her in her maiden name, but the last mailing was addressed to her in

---

[4] Weiler attached to his motion a copy of email exchanges on February 14, 2022, between him and an employee in the clerk's office. In the email exchange, he asked, "[W]as the summons included along with the complaint[?]" and the employee answered, "Yes, the summons is with the complaint." In the motion, Weiler stated that the exhibit shows "the lawsuit was not fraudulent."

her new last name, Weiler having apparently found out she was married and has a new last name. C.L. testified that she was fearful because she did not know how he found out her new location or new last name. Among the court papers she received was the lengthy email about her he sent to her former coworkers.

{¶ 13} Weiler maintained that he could not be found guilty of violating of CSPO by filing a legitimate lawsuit, but he otherwise provided no testimony or evidence in his defense. The trial court denied Weiler's "Motion to Strike Sham" and granted C.L.'s motion to show cause. The court found that "by sending letters, correspondence, and documents" to C.L., Weiler violated the CSPO and it imposed a fine of $1,000.

{¶ 14} Weiler filed a "Motion for Reconsideration." He acknowledged that on December 29, 2021, the summons and the complaint were mailed by the Clerk of the Courts of Common Pleas of Cuyahoga County. He alleged that he "served all court documents that [he] believed were required to be served pursuant to the Rules of Civil Procedure." He claimed that his communication with C.L., whom he alleged was unrepresented, could not be a violation of the protection order. Attached to the motion was his affidavit, which acknowledged that he filed a request on December 28, 2021, for service of his complaint against C.L. The court denied the motion for reconsideration, and this appeal follows.[5]

---

[5] Appellee C.L. did not file an appellee brief in this appeal.

**Appeal**

{¶ 15} On appeal, Weiler raises the following assignments of error:

I. The Court of Common Pleas erred in granting the Petitioner-Appellee's Motion to Show Cause.

II. The Court of Common Pleas erred in finding Respondent-Appellant in contempt of court.

III. The Court of Common Pleas erred in denying Respondent-Appellant's Motion for Reconsideration.

{¶ 16} We address the first and second assignments jointly because they involve the same issue.

{¶ 17} In reviewing this appeal, we bear in mind that pro se litigants are presumed to have knowledge of the law and legal procedures and they are held to the same standard as litigants represented by counsel. *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10. "'Pro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes.'" *Fazio v. Gruttadauria*, 8th Dist. Cuyahoga No. 90562, 2008-Ohio-4586, ¶ 9, quoting *Williams v. Lo*, 10th Dist. Franklin No. 07AP-949, 2008-Ohio-2804, ¶ 18.

{¶ 18} R.C. 2903.214 governs protection orders to protect victims of menacing by stalking. A person who violates a protection order issued under this statute is subject to the following sanctions: "(a) Criminal prosecution for a violation of section 2919.27 of the Revised Code, if the violation of the protection order

constitutes a violation of that section; (b) [p]unishment for contempt of court." R.C. 2903.214(K)(1).

{¶ 19} In this case, C.L. filed a motion to show cause alleging Weiler's violation of the CSPO and the trial court found him in contempt pursuant to R.C. 2903.214(K)(1)(b). The standard of review of a trial court's finding of contempt is abuse of discretion. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981).

{¶ 20} Weiler argues he would be effectively denied access to the court if he is found in violation of the CSPO by filing a lawsuit against C.L. We first note that "'[d]espite the paramount importance placed on the ability to access the courts for redress of injuries, the right is not absolute.'" *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 2012-Ohio-4193, 978 N.E.2d 832, ¶ 223, quoting *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, ¶ 11. More importantly, the record here indicates that the trial court did not find Weiler in violation of the CSPO by filing a lawsuit against C.L. Rather, the court found him in violation of the CPSO by "sending letters, correspondence, and documents" to C.L., which is prohibited under the terms of the protection order. Weiler claims his correspondence with C.L. should not be a violation of the protection order because he was required to serve court documents on her pursuant to the Rules of Civil Procedure. Our review of the record indicates Weiler's claim lacks merit.

{¶ 21} Pursuant to the Rules of Civil Procedure, upon the filing of a complaint, the clerk shall issue a summons for service on the defendant. Civ.R. 4(A).

The methods of service of the process and complaint are set forth in Civ.R. 4.1. There are three methods: (1) service by the clerk by certified or express mail or commercial carrier service; (2) personal service; and (3) residence service. Civ.R. 4.1(A), (B), (C). Furthermore, Civ.R. 5(A) requires that "every pleading subsequent to the original complaint * * * shall be served upon each of the parties." Service should be made either to a party not represented by counsel or the attorney of record. Civ.R. 5(B)(1).

{¶ 22} The record of the malicious prosecution case is not part of this appeal, and the instant record does not clearly reflect whether or not C.L. was represented by counsel when Weiler mailed court papers to her. At the hearing, C.L. testified she forwarded the first three mailings from Weiler to her attorney. Weiler did not refute that testimony or provide evidence to show she was unrepresented when he mailed the court documents to her.

{¶ 23} Regardless of whether she was represented by counsel at the time, however, the record before us indicates that Weiler notified the court of C.L.'s change of address on December 28, 2021, and requested that the clerk's office "provide all notices" to her at her new address. The clerk's office sent the summons and complaint to C.L. at her Texas address on December 29, 2021. Yet, Weiler personally mailed the summons and complaint to C.L. on the same day. At that time, he was subject to the CSPO in which he was barred from having any communication with C.L. Weiler's conduct was in violation of the terms of the CSPO because he was not required by the Rules of Civil Procedure to send the summons and complaint directly to C.L.

{¶ 24} The circumstances of this case can be contrasted with *Toledo v. Hughes*, 174 Ohio App.3d 598, 2007-Ohio-7098, 883 N.E.2d 1104 (6th Dist.). In that case, after a protection order was filed against the appellant, he filed suit against the protected person in small claims court regarding a property dispute. The appellant objected to the magistrate's decision, and he was instructed by the clerk's office to mail a copy of his objections to the opposing party. The appellant was subsequently charged with violating the protection order. On appeal, the Sixth District reversed his conviction of violating the protection order because he acted in accordance with the Rules of Civil Procedure and the directives of court personnel. The appellate court noted specifically that the appellant was required to sign a certificate verifying that he would mail the court document to the other party. *Id*. at ¶ 14-15.

{¶ 25} In contrast, here, Weiler requested the service of the summons and complaint to her new address and the clerk sent them accordingly. Contrary to Weiler's claim, he was not required to send these court papers to her directly. Consequently, we conclude that the record before us contains competent credible evidence to support the trial court's determination that Weiler violated the CSPO and, therefore, the trial court did not abuse its discretion finding him in contempt. The first and second assignments of error are without merit.

{¶ 26} Finally, we summarily overrule the third assignment of error because the Ohio Rules of Civil Procedure do not provide for a motion for reconsideration

and such a motion is considered a nullity. *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981).

{¶ 27} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, P.J., and
LISA B. FORBES, J., CONCUR